

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00257-CR

---

KATHERINE ROSE BRANT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 69th District Court
Sherman County, Texas
Trial Court No. 1122, Honorable Kimberly Allen, Presiding

---

January 31, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Katherine Rose Brant, appeals from the trial court's judgment finding her guilty of possession of a controlled substance[1] and sentencing her to a twenty-four-month term of incarceration. Appellant's court-appointed appellate counsel filed a motion

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115.

to withdraw supported by an *Anders*[2] brief. We grant counsel's motion and affirm the judgment of the trial court.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified her of his motion to withdraw; provided her with a copy of the motion, *Anders* brief, and a motion to access the appellate record; and informed her of her right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of her right to file a pro se response to counsel's *Anders* brief. Appellant has filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim.

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

App. 1969).  Following our careful review of the appellate record, counsel's brief, and Appellant's pro se response, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[3]

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n.33.